Wayne Coal Mining Company (dissolved corporation) v. Commissioner. Hillman Coal & Coke Company (Transferee of Wayne Coal Mining Company - dissolved corporation) v. Commissioner.
Wayne Coal Mining Co. v. Commissioner
Docket Nos. 37289, 37290.
United States Tax Court
1953 Tax Ct. Memo LEXIS 313; 12 T.C.M. (CCH) 345; T.C.M. (RIA) 53103; March 31, 1953
Lee W. Eckels, Esq., 2812 Grant Building, Pittsburgh, Pa., for the petitioners. Roy E. Graham, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined an income tax deficiency of $1,406.19 against Wayne Coal Mining Company, herein called Wayne, for the first four months of 1949 and determined that Hillman Coal & Coke Company, herein called Hillman, is liable as a transferee for that deficiency and interest thereon. Hillman concedes that it is liable for any deficiency due from the taxpayer. The issues raised by the petition are whether the taxpayer was entitled to deduct $1,900, expenses of liquidation and dissolution, and $3,673.87 paid in prior years in connection with the privilege of doing business *314 in Pennsylvania. The Commissioner, by amended answers, claims an addition to the tax under section 291 (a). The parties filed a stipulation of facts which is adopted as the findings of fact. Wayne, an Ohio corporation, filed a corporate income tax return for the first four months of 1949 with the collector of internal revenue for the Twenty-third District of Pennsylvania on March 14, 1950. It kept its books and filed the return on an accrual basis of accounting. Wayne was registered as a foreign corporation to do business in Pennsylvania and had a place of business in Pittsburgh. Hillman, a Pennsylvania corporation, owned 30,019.9 of the 30,060 shares of stock of Wayne outstanding on April 26, 1949. The stockholders of Wayne adopted a plan of liquidation and dissolution on April 26, 1949, under which Wayne was to discharge all of its liabilities, distribute $70.44 per share to the stockholders other than Hillman and distribute all of its remaining assets to Hillman in complete liquidation and cancellation of its stock after which the company was to be dissolved and its certificate of authority to transact business in Pennslyvania cancelled. Actually, all of the assets and liabilities *315 were turned over to Hillman which paid the liabilities and paid the $70.44 in cash on each of the shares not held by it. Wayne incurred and paid during the first four months of 1949 $1,900 for legal and accounting fees in connection with its liquidation and dissolution. It paid to the Commonwealth of Pennsylvania $3,673.87 during 1942 and 1943 in connection with a recapitalization and increase of its authorized capital stock. The amount was capitalized on its books as organization expense and no deduction for income tax purposes was claimed with respect to that amount in any return prior to that for the period here involved. The amounts mentioned were claimed as deductions on the return for the period here insolved. The Commissioner, in determining the deficiency, disallowed deductions of those amounts and made other adjustments not in controversy. The reason relied upon by the Commissioner to support his disallowance of the two amounts in controversy is that the taxpayer merged with Hillman. The Commissioner mistakenly refers to superseded laws of Pennsylvania, but regardless of that fact, there was no merger, de facto or de jure, under any applicable law of Pennsylvania. The *316 evidence shows that the taxpayer merely liquidated and dissolved and none of its corporate attributes, rights, privileges, powers or franchises passed to or continued in Hillman. Only its assets went to Hillman in cancellation of its stock. The respondent also says in two short paragraphs that no loss of Wayne should be recognized because it distributed all of its assets in kind and the legal and accounting expenses are not ordinary and necessary expenses within the meaning of section 23 (a) (1) (A). Wayne is not claiming a loss on assets transferred to Hillman or distributed in kind to Hillman. The amounts in controversy are deductible. ; , affd. and revd. on other grounds ; ; ; ; , revd. on other grounds . The Commissioner has alleged in amended answers that the taxpayer was liable for a 25 per cent addition to the tax for failing *317 to file a timely return for the period for which the deficiency was determined. Section 291 (a) provides that in case of any failure to make and file a return required under Chapter 1 "within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect" there shall be added to the tax 5 per cent for each thirty days or fraction thereof during which such failure continues, not to exceed 25 per cent in the aggregate. The Commissioner has the burden of proof on that issue and has only shown that the return was not filed within the time prescribed by law. It was held in , under similar circumstances that he had not borne his burden of proof and there was no justification for the imposition of the addition. Decision will be entered under Rule 50.